*1323 MICHEL, Circuit Judge,
dissenting.
I respectfully dissent, because I disagree with the majority’s construction of claim 1 as a pure product claim. The majority’s construction runs counter to the definition of claim terms chosen by the patentee as well as the analyses of the district court and the patent examiner, both of whom expressly interpreted claim 1 as a product-by-process claim. The majority incorrectly reads the definition of “multiple embossed” as purely structural, when in my view it requires process. Moreover, the majority’s claim construction may weaken the notice function of this claim: I believe a reasonable competitor would read claim 1 as a product claim with a process limitation.
Claim 1 reads as follows:
1. A carrier web, comprising:
at least one surface that has a múltiple embossed pattern having a first embossed pattern and a second embossed pattern, wherein the first embossed pattern forms an array of depressions, wherein the depressions of the first embossed pattern are in the second embossed pattern, wherein the second embossed pattern comprises lands and ridges between the lands, and wherein the height of the ridges over the lands ranges from about 3 to about 45 p,m.
'30 patent, col. 9, 11. 32-41 (emphasis added). Defendant argues that the use of the claim term “multiple embossed pattern” requires that the carrier web have undergone embossing, in much the same way that a claim term “welded joint” would mean a joint that results from the process of welding. (Red Br. at 28.) Defendant further contends that the required embossing must be sequential, i.e., multiple embossing tools sequentially emboss different patterns onto the carrier web. Although the district court accepted both of these arguments, the majority now rejects both.
The written description states: “Embossed” means a topography on a web or on tooling having an effective three-dimensional pattern that generates a difference in surface planar dimension in the liner or the tooling.
“Multiple embossed” means two or more embossing patterns are superimposed on the web to create a complex pattern of differing depths of embossing.
'930 patent, col. 1, 11. 61-64, col. 2, 11. 1-3. The majority interprets the definition of “multiple embossed” as “neither transforming] claim 1 into a product-by-process claim nor even limiting] the scope of the claim to a serial method of manufacture; it describes only the structural relationship between the embossing patterns.” (Maj. Op. at 1371.) The majority interprets the definition of “embossed” to be “entirely structural.” (IcL at 1374.) Based on its interpretations of the two definitions — and its correct conclusion that the patentee nowhere clearly disavowed these definitions — the majority construes claim 1 as purely structural.
I do not think the definition of “multiple embossed” describes only the structural relationship between the embossing patterns. To the contrary, the definition expressly requires that an action have taken place: “ ‘Multiple embossed’ means two or more embossing patterns are superimposed on the web to create a complex pattern of differing depths of embossing.” '930 patent, col. 2, 11. 1-3 (emphasis added). The highlighted text is a verb clause — “are superimposed ... to create” — and its inclusion in the definition must be recognized as meaningful.
*1324 Having concluded that the definition of “multiple embossed” requires process, the next issue is what is the meaning of the definitional language “two or more embossing patterns are superimposed on the web to create.... ” Here, I turn to the written description’s definition of “embossed”: “a topography on a web or on tooling having an effective three-dimensional pattern that generates a difference in surface planar dimension in the liner or the tooling.” '930 patent, col. 1, 11. 61-64 (emphasis added). Applying this definition, I conclude that the “two or more embossing patterns superimposed on the web” result from two or more topographies, each on a web or on tooling. In the context of embossing of a liner, the relevant topographies initially are only on tooling — that is, the liner is embossed by tools. Thus, I interpret the process in the definition of “multiple embossed” as the superimposition of two or more topographies— each on a tool — onto the web. This process is incorporated as a limitation into claim 1 through the claim’s use of the term “multiple embossed.”
Unlike the district court, however, I do not view claim l’s process limitation as necessarily sequential. Nothing in the definition of “multiple embossed” compels the conclusion that the tools are applied to the web serially, as opposed to simultaneously. Moreover, I agree with the majority that the prosecution history and the remainder of the written description do not contain a clear disavowal of a simultaneous application of the embossing tools. Indeed, although a sequential process is repeatedly discussed, one sentence of the written description clearly contemplates a simultaneous process. '930 patent, col. 2, 11. 11-12 (“Although the multiple embossing steps could be combined into a single step ... ”). I therefore do not construe the term “multiple embossed” in claim 1 as requiring the sequential application of embossing tools.
Nevertheless, because the accused product’s pattern results from only one embossing tool, it is not “multiple embossed.” As it therefore cannot infringe, I would affirm the summary judgment of non-infringement, even though several of the district court’s constructions — including the sequential requirement — were incorrect. The judgment may stand regardless of these errors, because under the correct claim construction infringement by defendant’s product cannot be shown.